IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, et al., | § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON**
**ORANGE COUNTY DEFENDANTS' MOTION TO DIMISS (Doc. #10.)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendants Orange County Sherrif's Department and Orange County Sherrif Jimmy Mooney's (collectively, the "County Defendants") Motion to Dismiss. (Doc. #10.) After review, the undersigned recommends granting the motion.

**I.     Plaintiffs' Claims and Procedural History**

Plaintiffs Edward Lee Gonzales and Michele Renee Gonzales, proceeding *pro se*, filed this action on June 12, 2023, against twenty defendants alleging claims under 42 U.S.C. §1983 for violations of Mr. Gonzales'[1] constitutional rights under the First, Second, Fourth, Fifth,

---
[1] Michele Gonzales is listed as a plaintiff and signed the complaint, but it was unclear until the case management conference which legal claims belonged to her.

Eighth, Ninth, and Fourteenth Amendments, as well as alleged state law violations under the Texas Penal Code. (Doc. #1 at 15.)

Plaintiffs' claims arose on June 24, 2022. (*Id*. at 16.) According to the complaint, at around 8:40 pm on that date, Plaintiffs brought their friend Tom Royston, who was bleeding uncontrollably, to Exceptional Emergency Center. (*Id*. at 3, 16.) Defendant Hile, an Exceptional Emergency Center employee, believed Mr. Gonzales was interfering with Royston's treatment. (*Id*. at 16.) Defendant Hile asked Plaintiffs to leave. (*Id*.) Defendant Seeney, also an Exceptional Emergency Center employee, told Plaintiffs she "was instructed to get the Patients keys" from Mr. Gonzales. (*Id*.) Plaintiffs gave Defendant Seeney Royston's keys and left. (*Id*.) Donald Flannery, an unrelated bystander, drove the Plaintiffs to Royston's home where Plaintiffs parked their car. (*Id*.) Around 10:56 pm, Plaintiffs returned to Exceptional Emergency Center to pick up Royston. (*Id*.) There, Mr. Gonzales accused Defendant Seeney of lying about the keys and took photos of license plates of cars in the parking lot. (*Id*.) Defendant Hile called the police. (*Id*.) Mr. Gonzales was detained, questioned, and subsequently arrested by City of Orange police. (*Id*.)

Plaintiffs' sole reference to either of the County Defendants in their complaint is that Plaintiff Edward Gonzales tried to make an appointment with Orange County Sherrif Jimmy L. Mooney on August 9, 2022, to discuss the above incident, but his request was never accepted. (*Id.* at 17.) From this interaction, Plaintiff Edward Gonzales alleges the County Defendants violated his constitutional rights under the First, Eighth, Ninth, and Fourteenth Amendments. (*Id.* at 15.)

County Defendants filed the instant motion to dismiss on July 11, 2023. (Doc. #10.) Defendants argue that Plaintiffs do not assert County Defendants violated any constitutional rights, that Plaintiffs' official capacity against Defendant Mooney should be dismissed as

2

duplicative of the claims against the county, and alternatively that Plaintiffs have not overcome Defendant Mooney's entitlement to qualified immunity. (*Id.* at 4-5.) Accordingly, County Defendants ask this court to dismiss with prejudice Plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6).

At the Rule 16 case management conference on September 12, 2023, it became apparent that not all motions were properly served to Plaintiffs, who are proceeding *pro se* and do not have access to electronic filings under the local rules of this court. (Doc. #34.) The undersigned thus granted Plaintiffs leave to file a response to County Defendant's motion to dismiss. (*Id.*) Also at the hearing, Plaintiffs admitted they had no legal support for their First Amendment claim against County Defendants and Mrs. Gonzales confirmed her only claims were against Defendants McDonald and Grantham.[2] (*Id.*) Plaintiff Edward Gonzales (hereinafter "Plaintiff") filed his response on to the instant motion on September 19, 2023. (Doc. #39.) Plaintiff reiterated the events of June 24, 2022, and again states the County Defendants violated his constitutional rights. Plaintiff did not directly address County Defendants' arguments for dismissal. This motion is now ripe for review.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550

---

[2] To date, Officer Grantham has not been served. Mrs. Gonzalez only live claims, therefore, are against Officer McDonald. Neither Officer Grantham nor Officer McDonald worked for the county at the relevant time.

U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III. Discussion and Analysis

#### A. *Claims Against Defendant Orange County*

In his complaint, Plaintiff alleges claims against the Orange County Sheriff's Department, (doc. #1 at 10.), and County Defendants' motion to dismiss is signed on behalf of "Orange County Sheriff's Department and Jimmy Mooney." (Doc. #10 at 6.) A county department, however, is not a jural entity capable of being sued. *See generally Jackson v.*

*Tarrant Cnty. Corr. Ctr.*, No. 4:21-CV-187-O, 2021 WL 4805083, at *4 n. 6 (N.D. Tex. Sept. 8, 2021), *R&R adopted*, No. 4:21-CV-00187-O, 2021 WL 4803800 (N.D. Tex. Oct. 14, 2021). Instead, a county is "the proper defendant" when its departments' actions lead to legal controversy. *Klimple v. Gillespie Cnty. Sheriff's Dep't*, No. A-05-CA-709-SS, 2006 WL 8432753, at *2 (W.D. Tex. Nov. 14, 2006).

After a liberal reading of *pro se* Plaintiff's complaint, the undersigned construes Plaintiff's claims against Orange County Sheriff' Department as claims against Orange County. The undersigned notes that Defendants' instant motion interchangeably refers to claims against "Orange County Sherrif's Department" and "claims against the County," and is signed by an Assistant County Attorney. (*Id.* at 2, 3, 10.) Additionally, County Defendants correctly note that any claims against Defendant Mooney in his official capacity "represent only another way of pleading an action" against the Defendant Orange County. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978). Accordingly, any of Plaintiffs claims against Orange County Sherrif's Department and against Mooney in his official capacity are understood to be claims against Defendant Orange County.

When alleging a §1983 claim against a county, a party must plead "specific policy" and "plead facts connecting the offending policy or policies to *each* alleged constitutional violation." *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 774 (W.D. Tex. 2016). As Plaintiffs have not alleged Defendant Orange County had an unconstitutional policy on June 24, 2022, they fail to state a claim for which relief can be granted under §1983. The undersigned, therefore, recommends dismissing all claims against Defendant Orange County with prejudice.

B. *Claims Against Defendant Mooney in his Individual Capacity*

As Plaintiffs are proceeding *pro se*, the undersigned must liberally construe Plaintiffs pleadings. Plaintiff's only allegation against Defendant Mooney is that he failed to answer

5

Plaintiff's request for a meeting about the June 24, 2022, incident. (Doc. #1 at 17.) At the September 12, 2023, conference, Plaintiff Edward Gonzales initially claimed Defendant Mooney's failure to grant a meeting request violated his First Amendment right to petition the government. (Doc. #34.) Plaintiff Edward Gonzales, however, admitted he had no legal basis for this argument. (*Id.*)

After review of the law, the undersigned finds that there is no constitutional right to have a meeting with a county sheriff. *See generally Hick v. Bexar Cnty.*, 973 F. Supp. 653, 686 (W.D. Tex. 1997), *aff'd sub nom. Hicks v. Bexar Cnty.*, 137 F.3d 1352 (5th Cir. 1998) ("While plaintiff may possess a constitutional right to petition his elected representatives, he does not possess a constitutional right to compel such officials to take specific action to address a matter properly before a separate judicial tribunal."). Assuming *arguendo* that there is a constitutional right to *request* a meeting with a local official, there is still no constitutional right to receive an answer to that request. *See Logan v. Dallas Cnty.*, 331 F. Supp. 3d 640, 648 (N.D. Tex. 2017) (noting the government does not have "an affirmative duty to make available all possible avenues for petitioning the government"). Accordingly, Plaintiff fails to state a claim against Defendant Mooney under §1983 and the undersigned recommends dismissing these claims with prejudice.

## IV.     Recommendation

For the foregoing reasons, the undersigned recommends County Defendants' Motion to Dismiss (doc. #10) should be **GRANTED**. The undersigned finds that Plaintiff Edward Lee Gonzales has failed to state claims for which relief could be granted under §1983 against either Defendant Orange County or Defendant Mooney. To the extent Plaintiffs complaint is read to include claims by Plaintiff Michele Renee Gonzales, she specifically disavowed any claims against the county. Accordingly, all claims against the County Defendants should be **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6).

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 6th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

7