IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, et al., | § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON CITY OF ORANGE
DEFENDANTS AND DEFENDANT GARZA'S MOTION TO DIMISS (Doc. #6)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendants' City of Orange, Longlois, McDonald, Jinks, Robinson, Lovelace, Ward, Ashworth, Martin, Spears, and Kuntz (collectively "the City Defendants"), and Defendant Garza's Motion to Dismiss. (Doc. #6.) After review, the undersigned recommends granting, in part, and denying, in part, the motion.

I. **Plaintiffs' Claims and Procedural History**

A. Factual Background

Plaintiffs' claims arose on June 24, 2022. (*Id*. at 16.) According to the complaint, at around 8:40 pm on that date, Plaintiffs brought their friend Tom Royston, who was bleeding uncontrollably, to Exceptional Emergency Center. (*Id*. at 3, 16.) Ms. Hile, an Exceptional Emergency Center employee, believed Mr. Gonzales was interfering with Royston's treatment. (*Id*. at 16.) Ms. Hile asked Plaintiffs to leave. (*Id*.) Ms. Seeney, another Exceptional

Emergency Center employee, told Plaintiffs she "was instructed to get the Patients keys" from Mr. Gonzales. (*Id*.) Plaintiffs gave Ms. Seeney Royston's keys and left. (*Id*.) Donald Flannery, an unrelated bystander, drove the Plaintiffs to Royston's home where Plaintiffs parked their car. (*Id*.) Around 10:56 pm, Plaintiffs returned to Exceptional Emergency Center to pick up Royston. (*Id*.) There, Mr. Gonzales accused Ms. Seeney of lying about the keys and took photos of license plates of cars in the parking lot. (*Id*.) Ms. Hile called the police. (*Id*.)

The situation escalated from there. Around 11:08 pm, Plaintiffs allege they tried to leave the parking lot when Defendant McDonald, an Orange Police Officer, arrived with Officer Grantham and stopped their car. (*Id*.) Defendant McDonald allegedly reached into the car from the driver's side window and unlocked the doors. (*Id.*) Defendants Grantham and McDonald then opened the passenger-side door and pulled Mr. Gonzales out of the car. (*Id.*) Defendant McDonald told Mr. Gonzales "not to resist" as both officers struggled to pull him out of the car and restrain him. (*Id.*) Mr. Gonzales then claimed the officers dislocated his elbow and broke his wrist. (*Id.*)

Over the next four months, Mr. Gonzales spoke about the incident with Defendants Ward, Jinks, Ashworth, Longlois, Robinson, Spears, Kuntz, Lane, and Martin, who are all employed by the City or Orange, and Defendant Garza who is employed by the Texas Municipal League Intergovernmental Risk Pool. (*Id.*) Mr. Gonzales found conversations and meetings with these Defendants to be of "no help." (*Id.*)

B. Procedural History

Plaintiffs Edward Lee Gonzales and Michele Renee Gonzales, proceeding *pro se*, filed this action on June 12, 2023, against twenty defendants alleging claims under 42 U.S.C. §1983

2

for violations of their[1] constitutional rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, as well as alleged state law violations under the Texas Penal Code. (Doc. #1 at 15.)

Against each of the City Defendants and Defendant Garza, Mr. Gonzales asserts claims under §1983 for violations of his constitutional rights under the First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendments. (*Id.* at 15.) Mr. Gonzales also alleges violations of his Second Amendment rights against Defendants Longlois, McDonald, Lovelace, Spears, Kuntz, and Garza. (*Id.*) Mrs. Gonzales only alleges claims against Defendant McDonald and Grantham.[2]

On September 6, 2023, City Defendants and Defendant Garza filed this instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] (Doc. #6.) Defendants argue (1) that Plaintiffs' fail to properly plead claims against the City of Orange or *official* capacity claims against any other Defendant, (2) Plaintiffs fail to properly plead any violations of their First, Second, Fifth, Ninth, or Fourteenth Amendment rights, (3) there was reasonable suspicion for any search or seizure of Plaintiffs, (4) any excessive force claim is not sufficiently pleaded, and (5) Defendants Longlois, McDonald, Jinks, Robinson, Lovelace, Ward, Ashworth, Martin, Spears, Kuntz, and Garza are protected from any valid §1983 claims by qualified immunity.

At the Rule 16 case management conference on September 12, 2023, it became apparent that not all motions were properly served to Plaintiffs, who are proceeding *pro se* and do not have access to electronic filings under the local rules of this court. (Doc. #34.) After the

---

[1] Michele Gonzales is listed as a plaintiff and signed the complaint, but it was unclear until the case management conference which legal claims belonged to her.
[2] While the complaint is signed by both plaintiffs, Mrs. Gonzales explained that she only had claims against Officers McDonald and Grantham at the Rule 16 case management conference on September 12, 2023. (Doc. #34.) To date, Officer Grantham has not been served.
[3] Defendants also asserted any state law claims against the City of Orange should be dismissed under Rule 12(b)(1). After careful review of the complaint, however, the undersigned finds that Plaintiffs have not alleged any state law claims against these Defendants.

undersigned confirmed that Plaintiffs had received the instant motion to dismiss, Plaintiffs then filed their response with the court at the end of the conference. (Doc. #33.) Plaintiffs restated their version of events but did not directly address City Defendants and Defendant Garza's arguments for dismissal. On September 22, 2023, Defendants filed a reply noting that Plaintiffs failed to address the legal arguments present in the instant motion to dismiss and, even when construed broadly, Plaintiffs fail to connect specific acts or omissions of Defendants to specific constitutional rights. (Doc. #41.) This motion is now ripe for review.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th

4

Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III.   Discussion and Analysis

#### A. Claims Against the City of Orange and *Official* Capacity Claims Against All Other City Defendants and Defendant Garza

In the complaint, Mr. Gonzales alleges claims against the City of Orange and *official* capacity claims against City Defendants and Defendant Garza. (Doc. #1 at 6-10.) Mrs. Gonzales alleges claims against City Defendant McDonald, but it is unclear whether these claims are against Defendant McDonald in his *official* or *individual* capacity. (Docs. #1 at 6, #34.) As a threshold matter, claims against a government employee in their *official* capacity "represent only another way of pleading an action" against their employer. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978). Accordingly, any of Plaintiffs' claims against City Defendants in their *official* capacity are claims against the City of Orange, while any *official* capacity claim against Defendant Garza is a claim against the Texas Municipal League.[4]

When alleging a §1983 claim against a governmental unity, a party must plead a "specific policy" exists and "plead facts connecting the offending policy or policies to *each* alleged constitutional violation." *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 774 (W.D. Tex. 2016).

---
[4] Defendants state that the Texas Municipal League Intergovernmental Risk Pool, Defendant Garza's employer, is a "political subdivision of the State." (Doc. #6 at 26 n. 10.)  Plaintiffs do not challenge this assessment.

5

As Plaintiffs have not alleged Defendant City of Orange or the Texas Municipal League have or had an unconstitutional policy, they fail to state a claim for which relief can be granted under §1983. The undersigned, therefore, recommends dismissing with prejudice all claims against Defendant City of Orange,[5] or Defendant Garza in her *official* capacity.

### B. Mrs. Gonzales' Remaining Claims

Mrs. Gonzales' only remaining claim is against Defendant McDonald in his individual capacity. One June 24, 2022, Defendant McDonald arrived at the Exceptional Emergency Center at around 11:08 pm responding to a call from Defendants Hile and Seeney. (Doc. #1 at 16.) Mrs. Gonzales was allegedly trying to drive out of the parking lot when Defendant McDonald stopped their car, and then spoke with Mr. Gonzales who was in the passenger seat. (*Id.*) Defendant McDonald then asked Mrs. Gonzales for her ID in case Defendants Hile and Seeney wanted to pursue a criminal trespass claim against Plaintiffs. (*Id.*) Mrs. Gonzales replied, "I'm sorry, I'm not going to do that." (*Id.*) From this incident, Mrs. Gonzales asserts violations of her constitutional rights without specifically pleading what rights were violated or what actions of Defendant McDonald violated those rights.

As Plaintiffs are proceeding *pro se*, the undersigned is obliged to broadly construe Plaintiffs' pleadings. After the review of the record, Mrs. Gonzales appears to assert an unconstitutional seizure claim arising from when Defendant McDonald stopped her from driving the car out of the parking lot. Based on the undisputed facts pleaded in the complaint, however, Officer McDonald had reasonable suspicion to pull over Mrs. Gonzales as he was called by Ms. Hile due to the actions of Mr. and Mrs. Gonzales, and Mrs. Gonzales was attempting to leave to the scene before speaking with police. (*Id.* at 6.) *See United States v. Darrell*, 945 F.3d 929, 938-39 (5th Cir. 2019) (holding police have reasonable suspicion to stop and search an

---

[5] This includes any claims against an *individual* City Defendant in their *official* capacity.

individual who was identified in a 911 call and then attempted to leave the scene when police officers arrived, even if that individual was not engaged in criminal activity); *see also United States v. Gomez*, 623 F.3d 265 (5th Cir. 2010) (holding an "anonymous" 911 call about an individual can counsel in favor of finding police had reasonable suspicion to search that individual). Accordingly, Mrs. Gonzales does not state a claim of an unconstitutional seizure. The undersigned, therefore, recommends dismissing Mrs. Gonzales' claim with prejudice.

### C. Mr. Gonzales' Remaining Claims

#### i. *Claims Against McDonald in his* Individual *Capacity*

Around 11:08 pm on June 24, 2022, Defendant McDonald arrived at Exceptional Emergency Center. (*Id.*) Based on his body cam footage,[6] Defendant McDonald's police car was behind Mr. and Mrs. Gonzales' car, blocking the car in its parking spot. (Doc. #37.) Defendant McDonald asked Plaintiffs if they were having a problem, to which Mr. and Mrs. Gonzales replied that they were trying to leave. (*Id.*) Mr. Gonzales attempted to explain what had happened that night, but apparently did not think Officer McDonald was listening to him. (Doc. #37.) He asked Officer McDonald, "can you look at me?" Officer McDonald replied, "don't come at me with an attitude." (*Id.*) Mr. Gonzales stopped talking and Mrs. Gonzales then explained to Officer McDonald what had happened that night. (*Id.*)

Officer McDonald then asked Mr. and Mrs. Gonzales for their IDs in case Exceptional Emergency Care wanted to press criminal trespass charges against them. Mr. Gonzales replied "I'm good" indicating he would not provide Officer McDonald with his ID. (*Id.*) Officer McDonald then told Mr. Gonzales to step out of the car. Mr. Gonzales said no, and that "ain't

---

[6]The Fifth Circuit has consistently held that the court may consider at the 12(b)(6) stage evidence that is attached to or otherwise incorporated in the complaint. *Morgan v. Swanson*, 659 F.3d 359, 365 n. 6 (5th Cir. 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Plaintiffs incorporate Officer McDonald's body camera footage in the complaint. (Doc. #1 at 17.)

happening." (*Id.*)  Then, Officer McDonald asked Mrs. Gonzales to unlock the car, but she said no. (*Id.*)  Officer McDonald reached into the car from the driver's side window and unlocked the doors. (*Id.*)  Officer Grantham then opened the passenger-side door and Mr. Gonzales asked Officer Grantham why he needed to show an ID. (*Id.*)  Officer Grantham reiterated it was for a possible criminal trespass charge. (*Id.*)  At this point Officer McDonald was on the passenger's side of the car and directed Mr. Gonzales to step out of the vehicle and "not to resist." (*Id.*)  Officers McDonald and Grantham then immediately pulled Mr. Gonzales out of the car, (*Id.*)

As Officers McDonald and Grantham held him against the side of the car, Mr. Gonzales claims the officers dislocated his elbow and broke his wrist. (*Id.*)  Officer McDonald said he would call for an ambulance. (*Id.*)  According to the complaint, Captain Longlois and Officer McDonald then "conspired" to find a charge to justify the arrest. (Doc. #1 at 16.)  Based on a liberal reading of the complaint, Mr. Gonzales brings an excessive force claim against Defendant McDonald.[7]

1. Excessive Force Claim

According to the Fifth Circuit, "[t]o prevail on an excessive force claim, a plaintiff must show '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Orr v. Copeland*, 844 F.3d 484, 492 (5th Cir. 2016) (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009)).  "The second and third elements collapse into a single objective-reasonableness inquiry" guided by the *Graham* factors.  *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018).  The *Graham* factors are "the severity of the crime at issue, whether the suspect poses

---

[7] Mr. Gonzales also appears to bring an unconstitutional seizure claim under the Fourth Amendment against Defendant McDonald.  However, the initial seizure itself was not unconstitutional as Officer McDonald had reasonable suspicion to detain Mr. and Mrs. Gonzales.  *See supra* at 6-7.  To the extent Mr. Gonzales asserts a civil conspiracy claim under §1983, the pleadings are insufficient.  *See infra* at 11-12.

an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Defendants argue the excessive force claim should fail because Officer McDonald acted reasonably as Mr. Gonzales was "resisting and repeatedly told to stop resisting," and because Mr. Gonzales suffered only a *de minis* injury. (Doc. #6 at 16-18.) According to the Fifth Circuit, however, police force resulting in injury is excessive when the injured individual is not resisting arrest and has "no meaningful way to evade police custody." *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 340 (5th Cir. 2020) (citing *Cooper v. Brown*, 844 F.3d 517, 526 (5th Cir. 2016). Based on Officer McDonald's body cam footage, Mr. Gonzales was sitting in a car that was blocked in a parking spot, with police officers surrounding him. (Doc. #36.) Moreover, according to the video, it does not appear Mr. Gonzales was "resisting" arrest. (*Id.*) In fact, he appeared to be engaged in a conversation with Officer Grantham when he was pulled from the car. (*Id.*)

While Defendants may argue that Mr. Gonzales' failure to get out of the car when instructed by Officer McDonald rendered the force "reasonable" for Fourth Amendment purposes, that argument is not dispositive at the 12(b)(6) stage. Even assuming the arrest was reasonable, an officer can still employ excessive force even when an arrest is justified. *See Bailey v. Ramos*, 657 F. Supp. 3d 927, 953 (W.D. Tex. 2023) (collecting cases). Likewise, the parties dispute whether Mr. Gonzales suffered actual or *de minis* injuries. At this stage, however, it is sufficient that Mr. Gonzales pleads an actual injury to his shoulder and wrist. *See Buehler v. Dear*, 27 F.4th 969, 982 (5th Cir. 2022). The undersigned, therefore, finds Mr. Gonzales has properly stated an excessive force claim against Defendant McDonald.

### 2. Defendant McDonald Claims Qualified Immunity

Defendants argue that Defendant McDonald should be shielded from an excessive force claim by qualified immunity. (*Id.* at 26-30.) The doctrine of qualified immunity protects government officials from liability "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defense does not apply. *Id.*

The Fifth Circuit holds that "[w]hen confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would defeat [the] claim of immunity.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)) Furthermore, "qualified immunity analysis in an excessive force case…involves two distinct reasonableness inquiries. One is whether the officer's use of force was objectively reasonable in light of Fourth Amendment standards. The other is whether the right was clearly established such that a reasonable officer would know that the particular level of force used was excessive." *Buehler*, 27 F.4th at 981 (internal quotations omitted).

Here, based on the pleadings and the body cam footage, Officer McDonald blocked Mrs. and Mrs. Gonzales from driving away with his police car, and then requested Plaintiffs' IDs. (Docs. #1 at 16, #37.) Mr. Gonzales sat passively as Officers McDonald ordered him out of the car for a failure to show his ID. (*Id.*) While Mr. Gonzales and Officer Grantham calmly spoke to one another about why Mr. Gonzales should show his ID, Officer McDonald pulled Mr. Gonzales out of the car. (*Id.*) Officer McDonald then forcibly held Mr. Gonzales against the car. (*Id.*) During this interaction, Officer McDonald allegedly broke Mr. Gonzales' shoulder and wrist. (*Id.*)

Based on the complaint, the undersigned finds that Mr. Gonzales sufficiently pleads Officer McDonald employed unreasonable force in the situation. Moreover, a review of relevant caselaw suggests there is a clearly established right to be free from excessive force when passively resisting an arrest by sitting in your car. *See, e.g., Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (finding the right to be free from excessive force when passively resisting a questionable arrest by sitting in your car to be clearly established for the purposes of qualified immunity). The Fifth Circuit has frequently affirmed lower courts that have found a clearly established right to be free from physical force when one is not actively resisting arrest. *See, e.g.*, *Joseph*, 981 F.3d at 340; *Cooper*, 844 F.3d at 526; *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012); *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013); *see also Darden v. City of Fort Worth*, 880 F.3d 722, 731-32 (5th Cir. 2018) (denying summary judgment on qualified immunity grounds in an excessive force case where there was a question of fact as to whether Plaintiff was resisting arrest).

Accordingly, the undersigned finds that, when Mr. Gonzales' allegations are taken as true and in reviewing the body cam footage, qualified immunity does not bar his excessive force claim against Defendant McDonald. Therefore, the undersigned recommends the motion to dismiss be denied as to Mr. Gonzales' excessive force claims against Officer McDonald.

        *ii.*    *Claims Against Longlois in his* Individual *Capacity*

Defendant Longlois was the Orange Police Captain on June 24, 2022. (Doc. #1 at 4.) According to the complaint, he arrived at Exceptional Emergency Center after Defendants McDonald and Grantham detained Mr. Gonzales. (*Id.* at 16-17.) Longlois allegedly asked Officer McDonald why he removed Mr. Gonzales from his car and arrested him. (*Id.*) Longlois was unsatisfied with McDonald's response that Mr. Gonzales was arrested for resisting arrest and failing to show an ID. (*Id.*) Mr. Gonzales then claims that Longlois and McDonald

conspired to come up with claims against him to subsequently justify the arrest, which included talking with Ms. Hile and Ms. Seeney. (*Id.* at 17.) On July 18, 2023, Mr. Gonzales spoke about the above incident with Defendant Longlois at the Orange Police Department. (*Id.*) Longlois instructed Mr. Gonzales to go online and file a complaint. (*Id.*)

Mr. Gonzales claims Defendant Longlois violated his rights under the First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendments. (*Id.* at 15.) Based on a liberal reading of the pleadings, however, Mr. Gonzales alleges Longlois violated his rights by "conspiring" with McDonald to justify arresting Mr. Gonzales. Under §1983, "[t]o establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). A conclusory allegation of conspiracy cannot survive a motion to dismiss under 12(b)(6). *Id.*; *Tawe v. Roesler*, No. CV H-17-3436, 2018 WL 1609580, at *3 (S.D. Tex. Apr. 2, 2018) (collecting cases).

Mr. Gonzales' allegations of conspiracy against Longlois are conclusory. The court does not have "the responsibility to search for a cause of action or create one where Plaintiff herself has failed to do so." *Montgomery v. Cap. One Bank (USA), N.A.*, No. CV 22-347-SDD-SDJ, 2023 WL 2705860, at *9 (M.D. La. Mar. 14, 2023), *R&R adopted*, No. CV 22-347-SDD-SDJ, 2023 WL 2700707 (M.D. La. Mar. 29, 2023). According to the complaint, Longlois arrived at the scene and spoke with McDonald, Ms. Hile, and Ms. Seeney to better understand what had happened with Mr. Gonzales that evening.[8] The fact that Longlois' investigation led him to understand the events differently than Mr. Gonzales does not, in and of itself, state a cause of action for conspiracy under §1983. Due to Mr. Gonzales' failure to plead the element of

---

[8] In his bodycam footage, Officer McDonald instructs Ms. Hile and Ms. Seeney on how to fill out the police report form, requesting they use Mr. Gonzales' exact words and explain how they felt during their interactions with Mr. Gonzales. Officer McDonald explaining what normally goes in a police report is not a sufficient factual basis supporting a conspiracy between Officer McDonald, Captain Longlois, Ms. Hile, and Ms. Seeney.

12

conspiracy, the undersigned recommends dismissing Mr. Gonzales' claims against Captain Longlois with prejudice.

### iii. *Claims Against Spears in his* Individual *Capacity*

Defendant Spears in the Mayor of Orange. (Docs. ##1 at 10, 6 at 1.) Mr. Gonzales claims Defendant Spears violated his constitutional rights under the First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendments, because Defendant Spears did not have a meeting with Mr. Gonzales about the events of June 24, 2022. (Doc. #1 at 15, 17.) There is no constitutional right, however, to have a meeting with one's mayor. *See generally Hick v. Bexar Cnty.*, 973 F. Supp. 3d 653, 686 (W.D. Tex. 1997), *aff'd sub nom. Hicks v. Bexar Cnty.*, 137 F.3d 1352 (5th Cir. 1998) ("While plaintiff may possess a constitutional right to petition his elected representatives, he does not possess a constitutional right to compel such officials to take specific action to address a matter properly before a separate judicial tribunal."); *Logan v. Dallas Cnty.*, 331 F. Supp. 3d 640, 648 (N.D. Tex. 2017) (noting the government does not have "an affirmative duty to make available all possible avenues for petitioning the government"). Accordingly, Mr. Gonzales fails to state a claim against Defendant Spears under §1983 and the undersigned recommends dismissing these claims with prejudice.

### iv. *Claims Against Martin in his* Individual *Capacity*

Mr. Gonzales alleges Defendant Martin, Orange Police Chief, violated his constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. (Doc. #1 at 15.) Defendant Martin was not present at Exception Emergency Center on June 24, 2022. Mr. Gonzales' only alleged interaction with Defendant Martin was months later on September 21, 2022, when Mr. Gonzales spoke with Defendant Martin about the status of his complaint against Officers McDonald and Grantham. (*Id.* at 17.) Mr. Gonzales found the conversation to be unhelpful. (*Id.*) Mr. Gonzales does not plead facts supporting a constitutional violation. As

explained above, the court is not responsible to search for a cause of action where a *pro se* plaintiff has failed to plead one.

There is no constitutional right to have a helpful meeting with a local police chief. *See generally Hick*, 973 F. Supp. 3d at 686 ("While plaintiff may possess a constitutional right to petition his elected representatives, he does not possess a constitutional right to compel such officials to take specific action to address a matter properly before a separate judicial tribunal."). Assuming *arguendo* that there is a constitutional right to *request* a meeting with a local official, there is still no constitutional right to receive an answer to that request. *See Logan*, 331 F. Supp. 3d at 648 (noting the government does not have "an affirmative duty to make available all possible avenues for petitioning the government"). Accordingly, Plaintiff fails to state a claim against Defendant Martin under §1983 and the undersigned recommends dismissing these claims with prejudice.

v. *Claims Against Kuntz in his* Individual *Capacity*

Defendant Kuntz is the Orange City Manager. (Docs. ##1 at 6, 6 at 1.) On September 9, 2022, Mr. Gonzales spoke with Defendant Kuntz about his complaint against Officers McDonald and Grantham, bur Mr. Gonzales found Defendant Kuntz to be of "no help." (Doc. #1 at 17.) From this single interaction, Mr. Gonzales alleges Defendant Kuntz violated his constitutional rights. (*Id.* at 15.) Mr. Gonzales failed to properly plead any claims against Defendant Kuntz under §1983 and, as explained above, there is no constitutional right to a helpful meeting with a local official. *Supra*. The undersigned, therefore, recommends dismissing with prejudice Mr. Gonzales' claims against Defendant Kuntz.

vi. *Claims Against Jinks in his* Individual *Capacity*

Defendant Jinks is an Orange Police Officer, (doc. #6 at 1), identified by Mr. Gonzales as a "detective." (Doc. #1 at 17.) Mr. Gonzales's only alleged interaction with Defendant Jinks

14

was on July 12, 2022, when Jinks called to inform Mr. Gonzales that all charges against him were dropped by the District Attorney. (*Id.*) Mr. Gonzales asked Defendant Jinks for all relevant body camera footage and statements from his case, and Defendant Jinks said he "would get everything ready for [Mr. Gonzales]." (*Id.*) The pleadings have no other reference to Defendant Jinks. Even after a liberal review of the complaint, the undersigned cannot find any act or omission of Defendant Jinks that violated Mr. Gonzales' constitutional rights. As Plaintiff fails to state a §1983 claim against Defendant Jinx, the undersigned recommends dismissing with prejudice all claims against Defendant Jinks.

### vii.   *Claims Against Robinson in his* Individual *Capacity*

Mr. Gonzales claims Orange Police Major Wade Robinson, misidentified in the complaint as Wade Robertson, violated his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. (Docs. ##1 at 15, 6 at 1.) On July 26, 2022, Mr. and Mrs. Gonzales went and spoke with Defendant Robinson about the June 24, 2022, incident and how to file a complaint against Officers McDonald and Grantham. (Doc. #1 at 17.) Mr. and Mrs. Gonzales also viewed the bodycam footage during that meeting. (*Id.*) On September 21, 2022, Mr. Gonzales returned to the police department and spoke with Defendant Robinson about the status of his complaint. (*Id.*) Mr. Gonzales found Defendant Robinson was "[n]o help." (*Id.*) After review of the law, the undersigned finds that there is no constitutional right to have a helpful meeting with a local police major. *Supra*. Accordingly, Plaintiff fails to state a claim against Defendant Robinson under §1983 and the undersigned recommends dismissing these claims with prejudice.

### viii.   *Claims Against Lovelace in his* Individual *Capacity*

Defendant Lovelace is an Orange City Police Officer. (Docs. ##1 at 8, 6 at 1.) In the complaint, Mr. Gonzales only reference to Defendant Lovelace is that after Defendant McDonald

15

arrested Mr. Gonzales, Defendant Lovelace asked him, with a smile, if he "got his turkey." (Doc. #1 at 16.) From this comment, Mr. Gonzales alleges Defendant Lovelace violated his rights under the First, Second, Fourth, Fifth, and Fourteenth Amendment. (*Id.* at 15.) A rude and insensitive comment alone, however, does not violate one's constitutional rights. *See Cheramie v. Larpenter*, No. CV 20-0201, 2020 WL 1931233, at *5 (E.D. La. Apr. 2, 2020) (collecting cases), *R&R adopted*, No. CV 20-201, 2020 WL 1923125 (E.D. La. Apr. 21, 2020), and *R&R adopted*, No. CV 20-201, 2020 WL 1956990 (E.D. La. Apr. 23, 2020). Accordingly, Mr. Gonzales' claims against Defendant Lovelace should be dismissed with prejudice.

### ix.    *Claims Against Ashworth in his* Individual *Capacity*

Mr. Gonzales claims that Police Captain Ashworth violated his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. (Doc. #1 at 15.) On July 18, 2022, Mr. and Mrs. Gonzales went to Orange Police Department and spoke with Defendant Ashworth about the incident on June 24, 2022. (*Id.* at 17.) Defendant Ashworth told Plaintiffs to speak with Defendant Longlois, who oversaw those officers. (*Id.*) Mr. Gonzales had no further interactions with Defendant Ashworth. Even after a liberal review of the complaint, the undersigned cannot find any act or omission of Defendant Ashworth that violated Mr. Gonzales' constitutional rights. As Plaintiff fails to state a §1983 claim against Defendant Ashworth, the undersigned recommends dismissing all claims against him with prejudice.

### x.    *Claims Against Ward in his* Individual *Capacity*

Defendant Ward is an Orange City Police Officer. (Docs. ##1 at 9, 6 at 1.) In the complaint, Mr. Gonzales' only reference to Defendant Ward is that Mr. Gonzales spoke about the incident at Exceptional Emergency Care with Defendant Ward on July 11, 2022. (Doc. #1 at 17.) Mr. Gonzales wanted to add a statement to the file about the incident, but Officer Ward said the file was already with the District Attorney. (*Id.*) Mr. Gonzales alleges Defendant Ward

16

violated his rights under the First, Fourth, Fifth, and Fourteenth Amendment. (*Id.* at 15.) It is unclear what constitutional right or rights Mr. Gonzale alleges Defendant Ward violated. Defendant Ward met with Mr. Gonzales but was unable to fulfill his request to make a statement. As explained above, however, there is no constitutional right for a helpful meeting with a local government employee. *Supra*. Accordingly, the undersigned recommends dismissing with prejudice all claims against Defendant Ward.

### xi.   Claims Against Garza in her Individual Capacity

Defendant Garza is a Senior Claim Specialist with the Texas Municipal League's Intergovernmental Risk Pool ("TMLIRP"). (Docs. ## 1 at 10, 6 at 1.) Mr. Gonzales claims Defendant Garza violated his First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendment rights by updating him on the status of his ultimately unsuccessful complaint against Officers McDonald and Grantham with the TMLIRP. (Doc. #1 at 15, 16.) Even assuming Defendant Garza decided to reject Mr. Gonzales' TMLIRP complaint, the undersigned cannot find any act or omission of Defendant Garza that violated Mr. Gonzales' constitutional rights. As Plaintiff fails to state a §1983 claim against Defendant Garza, the undersigned recommends dismissing all claims against him with prejudice.

## IV.   Recommendation

For the foregoing reasons, the undersigned recommends City Defendants and Defendant Garza's Motion to Dismiss (doc. #6) should be **GRANTED**, in part, and **DENIED**, in part.

The undersigned finds that Plaintiffs have failed to state a claim against Defendant City of Orange, all individual City Defendants in their *official* capacity, and Defendant Garza in their *official* capacity. These claims, therefore, should be **DISMISSED** with prejudice under FED. R. CIV. P. 12(b)(6).

The undersigned next finds that Mrs. Michele Renee Gonzales fails to state a claim for which relief can be granted against Defendant McDonald in his *individual* capacity. Mr. Edward Gonzales, failed to state claims under §1983 against Defendants Longlois, Spears, Martin, Kuntz, Jinks, Robinson, Lovelace, Ashworth, Ward, and Garza in their *individual* capacities. Accordingly, those claims should be **DISMISSED** with prejudice.

Finally, the undersigned finds that Mr. Edward Gonzales states a §1983 claim for excessive force against Defendant McDonald in his *individual* capacity, and that Defendant McDonald is not entitled to qualified immunity from this excessive force claim at the 12(b)(6) stage. The undersigned, therefore, recommends **DENYING** the motion to dismiss as to Mr. Gonzales' excessive force claim against Officer McDonald.

## V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.[9]

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on*

---

[9] The Local Rules limit objections to 8 pages. E.D. TEX. LOC. R. CV-72(c).

18

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 15th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE