IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, et al., | § § § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 61]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On December 6, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 61] with the following conclusions and recommendations: (1) Plaintiff Edward Lee Gonzales fails to state a claim for which relief can be granted under §1983 against either Defendant Orange County or Defendant Mooney (hereinafter "County Defendants"), (2) Plaintiff Michele Renee Gonzales disavows any claims against County Defendants, and (3) the Court should grant County Defendant's 12(b)(6) motion for failure to state a claim.

I.  **Plaintiffs' Objections to the Report and Recommendation are Overruled**

    A.  <u>Legal Standard</u>

On December 26, 2023, Plaintiffs filed timely objections to the Report and Recommendation [Dkt. 67].  A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

    B.  <u>Discussion</u>

Although Plaintiffs filed written objections in a timely manner, they failed to specifically identify the findings or recommendations to which they objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 67].  Additionally, much of the objections merely restates arguments from Plaintiffs' complaint [Dkt. 1] and their response to County Defendants' Motion to Dismiss [Dkt. 38], and are somewhat disorganized and irrelevant to Judge Stetson's Report and Recommendation.  Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 61] to which Plaintiffs have discernably objected.

Plaintiffs do not object to Judge Stetson's finding that Plaintiffs failed to state a claim against County Defendants under §1983. Plaintiffs, instead, provide the Court with pages of analysis on false imprisonment, Eleventh Amendment sovereign immunity, tort law as it applies to federal employees, and standards in summary judgment cases. [Dkt. 67]. None of these topics are relevant to the motion before the Court. Plaintiffs do not allege, nor does the record reflect, that County Defendants are federal employees who falsely imprisoned Plaintiffs. County Defendants have not invoked Eleventh Amendment sovereign immunity. In fact, counties are not entitled to sovereign immunity. *See SW. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936 (5th Cir. 2001) (noting "political subdivisions of states are generally not entitled to Eleventh Amendment immunity"). Likewise, the instant motion is a Motion to Dismiss, not a Motion for Summary Judgment.

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the Court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). Even under the less stringent standards placed on a *pro se* plaintiff's pleadings, the Court agrees with Judge Stetson that Plaintiffs did not plead any violations of their constitutional rights by County Defendants. Accordingly, Plaintiffs' §1983 claims against County Defendants are dismissed with prejudice.

## II.   The Court's Authority Over a Judge's Recusal

Plaintiffs also believe Judge Stetson should recuse herself from the case due to her employment before taking the bench [Dkt. 67 at 2]. This determination is not for the Court to make at this time. Under 28 U.S.C. §455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify *himself* in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. §455(a) (emphasis added).  Likewise, 28 U.S.C. §455(b) places the burden of deciding a motion for recusal on Judge Stetson herself.  28 U.S.C. §455(b).

Plaintiffs appeared to have filed a Limited Objection [Dkt. 63] which contains their request for Judge Stetson' recusal.  The Court construes this filing as the operative motion for recusal and defers judgment to Judge Stetson as is required under federal law.  28 U.S.C. §455(a)-(b); *see, e.g.*, *Blue v. Hill*, No. 3:10-CV-2269-L, 2014 WL 1461613, at *3 (N.D. Tex. Apr. 15, 2014), *aff'd* (Oct. 8, 2014*)*, *aff'd sub nom. Hill v. Schilling*, 593 F. App'x 330 (5th Cir. 2014). After Judge Stetson rules on the construed motion for recusal [Dkt. 63], Plaintiffs may request that the Court review her decision.  The Court, however, may only overrule Judge Stetson if her decision is clearly erroneous or contrary to the law.  28 U.S.C. §626(b)(1)(A); FED. R. CIV. P. 72(a).

### III.  Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law.  See FED. R. CIV. P. 72(b).  After careful consideration, Plaintiffs' objections [Dkt. 67] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 61] is ADOPTED.  County Defendants Motion to Dismiss [Dkt. 10] is GRANTED, and Plaintiffs' claims against County Defendants are DISMISSED with prejudice.

**SIGNED this 11th day of January, 2024.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge