IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, et al., | § § § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 65]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On December 15, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 65] with the following conclusions and recommendations: (1) Plaintiffs failed to state a claim against Defendant City of Orange, all individual City Defendants in their *official* capacity, and Defendant Garza in her *official* capacity, (2) the Court should dismiss those claims with prejudice pursuant to Rule 12(b)(6), (3) Plaintiff Michele Renee Gonzales fails to state a claim for which relief can be granted against Defendant McDonald in his *individual* capacity, (4) Plaintiff Edward Gonzales has failed to state claim for which relief can be granted against Defendants Longlois, Spears, Martin, Kuntz, Jinks, Robinson, Lovelace, Ashworth, Ward, and Garza in their *individual* capacities, (5) the Court should dismiss these *individual* capacity claims

with prejudice under Rule 12(b)(6), (6) Plaintiff Edward Gonzales states a claim under §1983 for excessive force against Defendant McDonald in his *individual* capacity, (7) Defendant McDonald is not entitled to qualified immunity from this excessive force claim at the 12(b)(6) stage, and (8) the Court should deny City Defendants and Defendant Garza's Motion to Dismiss [Dkt. 6] as to Plaintiff Edward Gonzales' excessive force claim against Defendant McDonald.

### I. Plaintiffs' Objections to the Report and Recommendation are Overruled

#### A. Legal Standard

On January 2, 2024, Plaintiffs filed timely objections to the Report and Recommendation [Dkt. 70]. A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). No Defendant has objected to the Report and Recommendation.

#### B. Discussion

Although Plaintiffs filed written objections in a timely manner, they failed to specifically identify the findings or recommendations to which they objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 67]. In fact, rather than providing the Court with

objections, Plaintiffs filed an "Amended Pleading" that attempts to remedy potential deficiencies in their initial complaint [Dkt. 70 at 1]. This is not the proper form for objections. Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 65] to which Plaintiffs have discernably objected.

The Court finds four potential specific objections to Judge Stetson's Report and Recommendation [Dkt. 65]: (1) Judge Stetson should recuse herself and her failure to do so renders the Report and Recommendation invalid, (2) Judge Stetson refers to *Graham v. Connor* which arose from a traffic stop, which Plaintiffs find inapplicable to their case because the incident took place on private property, (3) Plaintiffs have state law claims against City Defendants and Defendant Garza which went unaddressed, and (4) Plaintiffs disagree with Judge Stetson's recommendation that the Court dismiss their unreasonable seizure claims under the Fourth Amendment. The Court will address each in turn.

          i.    *Request that Judge Stetson Recuse Herself*

The Court has already addressed this issue in a previous order. As *pro se* Plaintiffs do not have access to electronic filing and may have yet to receive that order, the Court will briefly explain the law applicable to a request for recusal. First, an objection to a Report and Recommendation is not the proper method to request Judge Stetson recuse herself. The Court, however, notes that Plaintiffs' filing of "Limited Objections" [Dkt. 63] will be construed as a Motion to Request Recusal. Under federal law, Judge Stetson has the authority to make the initial determination of whether recusal is appropriate. 28 U.S.C. §455(a)-(b). After Judge Stetson rules on the construed motion for recusal [Dkt. 63], Plaintiffs may request that the Court review her decision. The Court, however, may only overrule Judge Stetson if her decision is clearly erroneous or contrary to the law. 28 U.S.C. §626(b)(1)(A); FED. R. CIV. P. 72(a).

### ii.   *Judge Stetson Properly Cites Graham v. Connor*

Judge Stetson cites *Graham v. Connor* to explain the elements of an excessive force claim under the Fourth Amendment [Dkt. 65 at 8-9]. Plaintiffs argue that *Graham v. Connor* does not apply to their case because *Graham* arose from a traffic stop, while their case arose on private property. Plaintiffs are correct that Petitioner Graham was pulled over during an investigatory traffic stop, *Graham v. Connor*, 490 U.S. 386, 386 (1989), but that fact is immaterial to Judge Stetson's Report and Recommendation. *Graham v. Connor* properly articulates the elements of an excessive force claim, even when they arise from an incident on a private parking lot. *See, e.g.*, *Matthews v. Harris Cnty.*, No. CV H-18-0014, 2019 WL 2764448, at *1-2 (S.D. Tex. July 2, 2019); *see generally Garcia v. Bermea*, No. DR-21-CV-004-AM-CW, 2023 WL 7361372, at *12 at n.17 (W.D. Tex. Aug. 18, 2023), *R&R adopted*, No. DR-21-CV-004-AM/CW, 2023 WL 6394398 (W.D. Tex. Oct. 2, 2023). This objection, therefore, is overruled.

### iii.   *Plaintiffs' State Law Claims Against City Defendants and Defendant Garza*

In their objections, Plaintiffs provide the Court with recitations related to false imprisonment under Texas Law and Texas constitutional claims [Dkt. 70 at 10-14]. Plaintiffs filed their complaint on June 12, 2023 [Dkt. 1]. The complaint contains a list of each Defendant and the associated claims brought by Plaintiff [*Id.* at 15].[1] The only state law claims in the complaint are levied against former Defendants Hile and Seeney [*Id.*] who were severed from this case [Dkt. 60]. Plaintiffs never filed a Motion to Amend the Complaint, which means Plaintiffs has no operative state law claims against City Defendants or Defendant Garza.

---

[1] This page was labeled "Page 14" by Plaintiffs, but it is page 15 for the purposes of Court's docket.

Accordingly, any objection to Judge Stetson's Report and Recommendation based on state law claims are overruled.

                iv.    *Plaintiffs' Unreasonable Seizure Claims*

Finally, Plaintiffs' objections contain references to unreasonable seizure claims under the Fourth Amendment [Dkt. 70 at 12]. As Judge Stetson found that Defendant McDonald had reasonable suspicion to seize Plaintiffs, the Court presumes *pro se* Plaintiffs object to this finding. After review of the record, the Court agrees with Judge Stetson that Officer McDonald had reasonable suspicion to seize both Plaintiffs. *See United States v. Darrell*, 945 F.3d 929, 938-39 (5th Cir. 2019) (holding police have reasonable suspicion to stop and search an individual who was identified in a 911 call and then attempted to leave the scene when police officers arrived, even if that individual was not engaged in criminal activity); *see also United States v. Gomez*, 623 F.3d 265 (5th Cir. 2010) (holding an "anonymous" 911 call about an individual can counsel in favor of finding police had reasonable suspicion to search that individual). This objection is overruled.

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 70] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 65] is ADOPTED. City Defendants and Defendant Garza's Rule 12(b)(6) Motion to Dismiss is DENIED, in part, as to Plaintiff Edward Gonzales' Excessive Force claim against Defendant McDonald, and GRANTED, in part, as to all other claims.

For clarification of the parties, the only claim remaining is the excessive force claim brought through 42 U.S.C. §1983 against Defendant McDonald by Plaintiff Edward Gonzales.

All other claims herein are dismissed or have already been dismissed. Claims against Defendant Grantham are not joined as he has never been served.

    IT IS SO ORDERED.

                **SIGNED this 12th day of January, 2024.**

                                    Michael J. Truncale
                                    United States District Judge