IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, et al., | § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. #57)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I.   Discussion**

On December 1, 2023, Plaintiffs filed a Motion for Default Judgment against all Defendants. (Doc. #57).[1] Plaintiffs do not address default judgment in the body of this filing, but rather request default judgment against all Defendants in the motion's title. (*Id.* at 1.) Construing *pro se* Plaintiffs' filings liberally, the undersigned finds two fatal issues with Plaintiffs' request for default judgments.

---

[1] The clerk of the court docketed this filing twice as it also contained Plaintiffs' response to former Defendants Hile and Seeney's Motion to Sever. (Doc. #58.) The court has addressed that motion and Plaintiffs' response in its previous order granting severance. (Doc. #60.)

First, default judgments are only appropriate against a party that has been properly served but failed to file a timely responsive pleading. FED. R. CIV. P. 55(a); *see Ayati-Ghaffari v. Dimon*, No. 4:19-cv-533-ALM-CAN, 2020 WL 1901087, at *4 (E.D. Tex. Jan. 2, 2020), *R&R adopted*, No. 4:19-CV-533, 2020 WL 548683 (E.D. Tex. Feb. 3, 2020). Here, all served parties have filed timely responsive pleadings under Rules 12(b)(1) and 12(b)(6). (Docs. ##6, 10, 44.) Accordingly, any request for default judgment is moot. Second, even if their request for default judgment had merit, Plaintiffs fail to follow the necessary procedure to request default judgment under federal law. FED. R. CIV. P. 55(b).

## II. Recommendation

For the foregoing reasons, the undersigned recommends **DENYING** Plaintiffs' Motion for Default Judgment (doc. #57) as moot.

## III. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 12th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE