IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| | § | |
| PATRICK H. MCDONALD and | § | |
| ANTHONY GRANTHAM, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON
DEFENDANT GRANTHAM'S MOTION TO DISMISS (Doc. #108)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72. Pending before the court is Defendant Grantham's Motion to Dismiss. (Doc. #108.) After review, the undersigned recommends granting, in part, and denying, in part, the motion.

**I.    Plaintiff's Claims and Procedural History**

A. <u>Factual Background</u>

The undersigned has explained the factual background of this case in detail in other Reports and Recommendations. (Docs. #45 at 2-3, #61 at 2-3, #65 at 1-2.) For the purposes of the instant motion, the following provides sufficient context. According to the complaint, Plaintiff Edward Lee Gonzales and former Plaintiff Michele Renee Gonzales brought their friend Tom Royston, using his car, to Exceptional Emergency Center on June 24, 2022. (Doc. #1 at 16.) Mr. Gonzales and Exceptional Emergency Center staff got into a dispute, resulting in both

Mr. and Mrs. Gonzales leaving the facility. (*Id.*) A bystander drove Mr. and Mrs. Gonzales to pick up their car and after some time passed, the couple returned to the medical center to retrieve their personal belongings from Mr. Royston's car. (*Id.*) The dispute between Mr. Gonzales and Exceptional Emergency Center staff resumed. (*Id.*) A staff member called the police. (*Id.*)

The situation escalated from there. At around 11:08 pm, Plaintiff alleges he and his wife tried to leave the parking lot when Defendant McDonald, an Orange Police Officer, pulled behind his vehicle to "[i]mpede [o]ur way of [t]ravel." (*Id.*) Defendant Grantham, another Orange Police Officer, was also on the scene, but the complaint is unclear as to whether he arrived with Defendant McDonald or in a separate vehicle. (*Id.*) Defendant McDonald allegedly reached into the car from the driver's side window and unlocked the doors. (*Id.*) Defendants Grantham and McDonald then opened the passenger-side door and pulled Mr. Gonzales out of the car. (*Id.*) Defendant McDonald told Mr. Gonzales "not to resist" as both officers struggled to pull him out of the car and restrain him. (*Id.*) Mr. Gonzales then claimed the officers dislocated his elbow and broke his wrist. (*Id.*)

### B. Procedural History

Mr. and Mrs. Gonzales, proceeding *pro se*, filed this action on June 12, 2023, against twenty defendants alleging claims under 42 U.S.C. §1983 for violations of their constitutional rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, as well as alleged state law violations under the Texas Penal Code. (Doc. #1 at 15.) Against Defendant Grantham, in his individual and official capacity, Mr. Gonzales alleges violations of his rights under the First, Second, Fourth, Fifth, Ninth, and Fourteenth Amendments. (*Id.* at 8, 15.)

As of January 12, 2024, the court had dismissed all pending claims against properly served Defendants except Mr. Gonzales' excessive force claim against Defendant McDonald. (Docs. #48, #71, #73.) Defendant Grantham had not yet been served. Proper service of

Defendant Grantham has been an issue throughout the pendency of this case. (Docs. #79, #97, #99, #100.) This issue is now moot as Defendant Grantham voluntarily appeared on March 8, 2024, by filing this instant motion to dismiss (doc. #108) and an answer to the complaint (doc. #109.) Accordingly, Mr. Gonzales' claims against Defendant Grantham are now live.[1]

In his motion to dismiss, Defendant Grantham argues (1) that Mr. and Mrs. Gonzales's official capacity claims against him are duplicative of already dismissed claims against the City of Orange, (2) they fail to properly plead any violations of their First, Second, Fifth, Ninth, or Fourteenth Amendment rights, (3) the court already found there was reasonable suspicion for any search or seizure of Plaintiffs, (4) any excessive force claim is not sufficiently pled, and that (5) he is protected from any valid §1983 claims by qualified immunity. A response and reply have been filed. (Docs. #115, #117.) This matter is now ripe for review.

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] While the complaint is signed by both plaintiffs, Mrs. Gonzales explained that she only had claims against Officers McDonald and Grantham at the Rule 16 case management conference on September 12, 2023. (Doc. #34.) Her claim against Defendant McDonald has been dismissed by the court, and, as will be discussed herein, she does not actually plead any claim against Defendant Grantham in the complaint, meaning she remains dismissed from this action. *See infra* III.B.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

As they are proceeding *pro se*, Mr. and Mrs. Gonzales' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**III.  Discussion and Analysis**

    A. <u>Claims Against Defendant Grantham in his *Official* Capacity</u>

In the complaint, Mr. Gonzales alleges *official* capacity claims against Defendant Grantham. (Doc. #1 at 8.) As explained in previous Reports and Recommendations, claims against a government employee in their *official* capacity "represent only another way of pleading an action" against their employer. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n55 (1978). Accordingly, any claim against Defendant Grantham in his *official* capacity are claims against the City of Orange. The court has already dismissed Mr. and Mrs. Gonzales' claims against the City of Orange. (Docs. #65, 73.)

To the extent that these official capacity claims against Defendant Grantham differ from prior claims against the City of Orange, the undersigned still finds that Mr. and Mrs. Gonzales have not alleged Defendant City of Orange has or had an unconstitutional policy. When alleging a §1983 claim against a governmental unity, a party must plead a "specific policy" exists and "plead facts connecting the offending policy or policies to *each* alleged constitutional violation." *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 774 (W.D. Tex. 2016). As Mr. and Mrs. Gonzales have not done so, they fail to state a claim for which relief can be granted under §1983. Any official capacity claims against Defendant Grantham should, therefore, be dismissed with prejudice under Rule 12(b)(6).

### B. Mrs. Gonzales' Claims Against Defendant Grantham

Mrs. Gonzales was previously dismissed from this action. (Docs. #73 at 5-6, #77.) While she had signed the complaint, Mrs. Gonzales explained at the case management conference that her only claims were against Defendants McDonald and Grantham, though she did not specifically identify the claims. (Doc. #34.) In a previous Report and Recommendation entered before Defendant Grantham's appearance, the undersigned found that "Mrs. Gonzales appears to assert an unconstitutional seizure claim arising from when Defendant McDonald stopped her from driving the car out of the parking lot." (Doc. #65 at 6.) The court ultimately found this was not a cognizable Fourth Amendment claim. (Doc. #73 at 5-6.)

After review, the undersigned finds that Mrs. Gonzales does not actually plead any claims against Defendant Grantham. It was Defendant McDonald who blocked Mr. and Mrs. Gonzales' car in the parking lot according to the complaint. (Doc. #1 at 6.) The court "is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Berry v. LoanCity*, 489 F. Supp. 3d 441, 447 (M.D. La. 2020) (citing *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015). As

5

there is no allegation that Defendant Grantham did anything to Mrs. Gonzales, she should remain dismissed from the action.

### C. Mr. Gonzales' *Individual* Capacity Claims Against Defendant Grantham

The Fifth Circuit has consistently held that the court may consider at the 12(b)(6) stage evidence that is attached to or otherwise incorporated in the complaint. *Morgan v. Swanson*, 659 F.3d 359, 365 n. 6 (5th Cir. 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Plaintiff incorporates body camera and dashcam footage in the complaint. (Doc. #1 at 17.) This video footage is contained on the docket at Document #37, Exhibit 2.[2]

Around 11:08 pm on June 24, 2022, Defendant McDonald arrived at Exceptional Emergency Center. (*Id.*) Based on his body cam footage, Defendant McDonald's police car was behind Mr. and Mrs. Gonzales' car, blocking the car in its parking spot. (Video A at 04:44.) Defendant McDonald greeted Mr. and Mrs. Gonzales from the driver's side window and asked if they were having a problem, to which Mrs. Gonzales replied that they were leaving. (Video A at 04:47-04:52.) Defendant Grantham came to the passenger's side door. (Video A at 04:47-04:52, Video B at 01:00-01:10.) Mr. Gonzales attempted to explain what had happened that night, but apparently did not think Officer McDonald was listening to him. (Video A at 04:54-04:56.) He asked Officer McDonald, "can you look at me?" (*Id.*) Officer McDonald replied, "don't come at me with an attitude." (*Id.* at 04:57-5:00.) Mr. Gonzales stopped talking and Mrs. Gonzales then explained to Officer McDonald what had happened that night. (*Id.* at 05:05-05:47.) Officer McDonald listened to Mrs. Gonzales' explanation, occasionally saying "yas mam." (*Id.*)

---

[2] While the exhibit is listed as "bodycam footage," Plaintiff has provided the court twelve different videos under that label, some of which appear to be body camera footage and some of which appear to be dashboard camera footage. The undersigned has reviewed videos. For the pertinent excerpts of Mr. Grantham's interactions with Mr. Gonzales, the undersigned primarily relies on two files labeled PatrickMcDonald_202206242307_WFC1125880_31745355 (hereinafter "Video A") and AnthonyGrantham_202206242308_Unit65_211626252 (hereinafter "Video B").

Officer McDonald then asked Mr. and Mrs. Gonzales for their IDs in case Exceptional Emergency Care wanted to press criminal trespass charges against them. (*Id.* at 05:56-05:58.) Mr. Gonzales replied "I'm good" indicating he would not provide Officer McDonald with his ID. (*Id.* 06:03.) Officer McDonald then told Mr. Gonzales to step out of the car. (*Id.* at 06:07.) Mr. Gonzales said no, and then "ain't happening." (*Id.* at 06:08.) Officer McDonald asked Mrs. Gonzales to unlock the car, but she said no. (*Id.* at 06:11-06:25.) Officer McDonald reached into the car from the driver's side window and unlocked the doors. (*Id.* at 06:28.) Officer Grantham then opened the passenger-side door and Mr. Gonzales asked Officer Grantham why he needed to show an ID. (Video A at 06:36-06:37; Video B at 2:30-02:40.) Officer Grantham reiterated it was for a possible criminal trespass charge. (Video A at 06:37.) Both Officer Grantham and Mr. Gonzales appeared relatively calm while talking. At this point Officer McDonald was on the passenger's side of the car and directed Mr. Gonzales to step out of the vehicle and "not to resist." (*Id.* at 06:37-06:40.) Officers McDonald and Grantham then immediately pulled Mr. Gonzales out of the car. (Video A at 06:40-06:46; Video B at 2:40-2:47.)

As Officers McDonald and Grantham held him against the side of the car, Mr. Gonzales said, "Oh yeah, I like that, oh yeah." (Video A 06:50-07:01.) Mr. McDonald spoke into his walkie talkie and said, "we have one resisting." Mr. Gonzales, still being held against the vehicle responded, "I'm not resisting." (Video A at 07:09.) Officer McDonald escorted Mr. Gonzales to the front of Officer Grantham's vehicle. (Video B at 2:47.) Mr. Gonzales told Officer McDonald that his elbow was dislocated, he "heard the ligaments or something… pop," and his left arm hurt badly. (Video A at 07:35-07:36, 08:39-08:44.) He gave Officer McDonald his full name. (Video A at 09:58.) Overall, Mr. Gonzales appeared respectful and cooperative, even while debating the officers on their rationale for arresting him. (*Id.* at 07:40-08-35.)

Officer McDonald said he would call for an ambulance, and, after an initial medical review, Captain Longlois ordered Defendant Grantham to take Mr. Gonzales to the hospital. (*Id.*)

### i. *First, Fifth, Ninth, and Fourteenth Amendment Claims*

While Mr. Gonzales alleges that Defendant Grantham violated his constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments, he does not make clear how Defendant Grantham violated these amendments. Even after a liberal reading of the complaint and review of the pertinent video footage, the undersigned finds Mr. Gonzales has not pled any claims against Defendant Grantham under the First, Fifth, Ninth, and Fourteenth Amendments. These claims should be dismissed with prejudice pursuant to Rule 12(b)(6).[3]

### ii. *Unreasonable Seizure Claim*

In a prior Report and Recommendation, the undersigned found that Officer McDonald had reasonable suspicion to stop Mr. and Mrs. Gonzales and probable cause to detain Mr. Gonzales "based on undisputed facts pleaded in the complaint." (Doc. #65 at 6-8.) The district court conducted a *de novo* review and adopted this finding. (Doc. #73.) Defendant Grantham argues that the unreasonable seizure claim against him is, therefore, barred by *res judicata* as the issue of reasonable suspicion was already addressed. (Doc. #108 at 11.) Neither *res judicata* (claim preclusion) or *collateral estoppel* (issue preclusion) apply here[4] but given the intertwined

---

[3] The undersigned notes that Mr. Gonzales's Fourth Amendment rights at issue are incorporated against the City of Orange through the Fourteenth Amendment. For clarity, the undersigned refers to these claims as Fourth Amendment claims, and the recommendation to dismiss any Fourteenth Amendment claims here references any other rights under the Fourteenth Amendment.

[4] The doctrine of *res judicata*, or claim preclusion bars the re-litigation of a claim when "(1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 649 (S.D. Tex. 2012), *aff'd*, 527 F. App'x 278 (5th Cir. 2013). None of these elements are meant here. Defendant Grantham does not explicitly mention *collateral estoppel*, or issue preclusion. The undersigned notes, however, that this doctrine only applies when a fact of issue "has been determined by valid and final judgment." *Yerby v. Univ. of Houston*, 230 F. Supp. 2d 753, 760 (S.D. Tex. 2002). The district court order dismissing the claim is not a final judgment.

nature of Mr. Gonzales' unreasonable seizure claims against Defendants McDonald and Grantham, the legal analysis is similar.

For context, Defendant McDonald first stopped Mr. and Mrs. Gonzales from moving their vehicle by parking behind them so that he could ask the couple questions. Defendant Grantham stood by the passenger side of the car and, along with Defendant McDonald, arrested Mr. Gonzales. The complaint appears to allege that, by arresting Mr. Gonzales, Defendant Grantham unreasonably seized him in violation of the Fourth Amendment. Defendant Grantham argues that Plaintiff fails to plead facts showing that there was no reasonable suspicion or probable cause for arresting Mr. Gonzales, and, alternatively, Defendant Grantham is entitled to qualified immunity from this claim. (Doc. #108 at 11.) In response, Plaintiff argues that he pled Defendant Grantham had no probable cause to arrest him. (Doc. #115 at 5.)

As the Fifth Circuit noted, "[u]nder the Fourth Amendment, police officers may not require identification absent an otherwise lawful detention or arrest based on reasonable suspicion or probable cause." *Johnson v. Thibodaux City*, 887 F.3d 726, 733 (5th Cir. 2018) (citing *Brown v. Texas*, 443 U.S. 47, 52-53 (1979)). During a lawful stop or arrest, however, officers are free to demand identification so long as that request is reasonably related to circumstances justifying the stop. *Id.* (citing *Hiibel v. Sixth Judicial Dist. Ct.*, 542 U.S. 177, 188-89 (2004)). In *Johnson*, the Fifth Circuit ultimately held that evidence did not support a finding that police officers had reasonable suspicion to arrest someone for failure to show an identification. *Id.* at 734. There, the officers justified the arrest of the plaintiff during a traffic stop for failure to show an ID because they had an arrest warrant for another individual, but, as explained by the court, "none of the officers suspected [plaintiff] of having a warrant or being connected to [the other individual with a warrant]." *Id.*

As the district court previously found, Defendant McDonald had reasonable suspicion to pull behind Mr. and Mrs. Gonzales' car as he was called by Exceptional Emergency Center staffer Ms. Hile due to the actions of Mr. and Mrs. Gonzales, and Mrs. Gonzales was attempting to leave the scene before speaking with police. *See United States v. Darrell*, 945 F.3d 929, 938-39 (5th Cir. 2019) (holding police have reasonable suspicion to stop and search an individual who was identified in a 911 call and then attempted to leave the scene when police officers arrived, even if that individual was not engaged in criminal activity); *see also United States v. Gomez*, 623 F.3d 265 (5th Cir. 2010) (holding an "anonymous" 911 call about an individual can counsel in favor of finding police had reasonable suspicion to search that individual). In conjunction with that stop, the officers wanted to investigate and identify Mr. Gonzales pursuant to their call from Ms. Hile. Unlike in *Johnson*, Mr. Gonzales was known as the individual involved in the police investigation.

Here, based on the undisputed facts pleaded in the complaint, Defendant Grantham had probable cause to physically seize Mr. Gonzales. Accordingly, Mr. Gonzales does not state a claim of an unconstitutional seizure. The undersigned, therefore, recommends dismissing Mr. Gonzales' claim with prejudice.

### iii.    Excessive Force Claim

According to the Fifth Circuit, "[t]o prevail on an excessive force claim, a plaintiff must show '(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Orr v. Copeland*, 844 F.3d 484, 492 (5th Cir. 2016) (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009)). "The second and third elements collapse into a single objective-reasonableness inquiry" guided by the *Graham* factors. *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018). The *Graham* factors are "the severity of the crime at issue, whether the suspect poses

an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Defendant Grantham argues he only used force "while trying to apply handcuffs to an arrestee suspected of criminal trespass," that such force was reasonable, and that Mr. Gonzales was not specifically pled an injury tied to Mr. Grantham. (Doc. #108 at 15.) According to the Fifth Circuit, however, police force resulting in injury is excessive when the injured individual is not resisting arrest and has "no meaningful way to evade police custody." *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 340 (5th Cir. 2020) (citing *Cooper v. Brown*, 844 F.3d 517, 526 (5th Cir. 2016). Based on the aforementioned video footage, Mr. Gonzales was sitting in a car that was blocked in a parking spot, with police officers surrounding him. (Doc. #36.) Moreover, according to the video, it does not appear Mr. Gonzales was "resisting" arrest. (*Id.*) In fact, he appeared to be engaged in a conversation with Officer Grantham when he was pulled from the car. (*Id.*)

While Defendant Grantham may argue that he used only reasonable force to arrest Mr. Gonzales, that argument is not dispositive at the 12(b)(6) stage. Even assuming the arrest was reasonable, an officer can still employ excessive force even when an arrest is justified. *See Bailey v. Ramos*, 657 F. Supp. 3d 927, 953 (W.D. Tex. 2023) (collecting cases). Likewise, the parties dispute whether Mr. Gonzales suffered actual or *de minimis* injuries. At this stage, however, it is sufficient that Mr. Gonzales pleads an actual injury to his shoulder and wrist. *See Buehler v. Dear*, 27 F.4th 969, 982 (5th Cir. 2022). The undersigned, therefore, finds Mr. Gonzales has properly stated an excessive force claim against Defendant Grantham.

Defendant Grantham, however, argues he is shielded from an excessive force claim by qualified immunity. (Doc. #108 at 20-23.) The doctrine of qualified immunity protects government officials from liability "so long as their conduct 'does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known.'" *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defense does not apply. *Id.*

The Fifth Circuit holds that "[w]hen confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would defeat [the] claim of immunity.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019))  Furthermore, "qualified immunity analysis in an excessive force case…involves two distinct reasonableness inquiries. One is whether the officer's use of force was objectively reasonable in light of Fourth Amendment standards. The other is whether the right was clearly established such that a reasonable officer would know that the particular level of force used was excessive." *Buehler*, 27 F.4th at 981 (internal quotations omitted).

Here, based on the pleadings and the body cam footage, Defendant McDonald blocked Mr. and Mrs. Gonzales from driving away with his police car, and then requested Plaintiffs' IDs. (Docs. #1 at 16, #37.)  Mr. Gonzales sat passively as Defendant McDonald ordered him out of the car for a failure to show his ID.  (Video A at 06:07.)  While Mr. Gonzales spoke calmly to Defendant Grantham about why Mr. Gonzales should show his ID, Defendants McDonald and Grantham suddenly pulled him out of the car.  (*Id.* at 06:36-06:37.)  Defendants then forcibly held Mr. Gonzales against the car.  (*Id.* at 06:40-06:46.)  During this interaction, the officers allegedly broke Mr. Gonzales' shoulder and wrist. (Doc. #1 at 16-17.)

Relying on the complaint and incorporated videos, the undersigned finds that Mr. Gonzales sufficiently pleads Officer Grantham employed unreasonable force in the situation. Moreover, a review of relevant caselaw suggests there is a clearly established right to be free from excessive force when passively resisting an arrest by sitting in your car. *See, e.g., Deville*

*v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (finding the right to be free from excessive force when passively resisting a questionable arrest by sitting in your car to be clearly established for the purposes of qualified immunity). The Fifth Circuit has frequently affirmed lower courts that have found a clearly established right to be free from physical force when one is not actively resisting arrest. *See, e.g.*, *Joseph*, 981 F.3d at 340; *Cooper*, 844 F.3d at 526; *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012); *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013); *see also Darden v. City of Fort Worth*, 880 F.3d 722, 731-32 (5th Cir. 2018) (denying summary judgment on qualified immunity grounds in an excessive force case where there was a question of fact as to whether Plaintiff was resisting arrest).

Accordingly, the undersigned finds that, when Mr. Gonzales' allegations are taken as true and in reviewing the body cam footage, qualified immunity does not bar his excessive force claim against Defendant Grantham. Therefore, the undersigned recommends the motion to dismiss be denied as to Mr. Gonzales' excessive force claims against Defendant Grantham.

## IV.     Recommendation

For the foregoing reasons, the undersigned recommends Defendant Grantham's Motion to Dismiss (doc. #108) should be **GRANTED**, in part, and **DENIED**, in part.

The undersigned finds that Mr. Gonzales did not plead any claims against Defendant Grantham in his official capacity, or under the First, Fifth, Ninth, and Fourteenth. These claims should be **DISMISSED** with prejudice under FED. R. CIV. P. 12(b)(6). Likewise, the undersigned finds Mr. Gonzales failed to state a Fourth Amendment unreasonable seizure claim against Defendant Grantham. This claim should be **DISMISSED** with prejudice. The instant motion should be **GRANTED** as to those claims.

Finally, the undersigned finds that Mr. Edward Gonzales states a §1983 claim for excessive force against Defendant Grantham in his *individual* capacity, and that Defendant

13

Grantham is not entitled to qualified immunity from this excessive force claim at the 12(b)(6) stage. The undersigned, therefore, recommends **DENYING** the motion to dismiss as to Mr. Gonzales' excessive force claim against Defendant Grantham.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 12th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE