IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| | § | |
| PATRICK H. MCDONALD and | § | |
| ANTHONY GRANTHAM, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER OVERRULING
THE PARTIES' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 121]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On June 12, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 121] with the following conclusions and recommendations: (1) Mr. Gonzales did not plead any First, Fifth, Ninth, and Fourteenth Amendments claims against Defendant Grantham, (2) Mr. Gonzales failed to state a Fourth Amendment unreasonable seizure claim against Defendant Grantham, and any such claim should be dismissed with prejudice, (3) Mr. Gonzales states a claim under §1983 for excessive force against Defendant Grantham in his individual capacity, (4) Defendant Grantham is not entitled to qualified immunity from the excessive force claim at the 12(b)(6) stage, and (5) there are no live claims by former Plaintiff Michele Renee Gonzales. Defendant Grantham filed timely objections [Dkt. 124] contesting Defendant Grantham's role in Plaintiff's alleged injuries

and reasserting qualified immunity. Plaintiff also filed objections [Dkt. 127] largely retelling his version or events and asserting he was unconstitutionally arrested.

## I. The Parties' Objections to the Report and Recommendation are Overruled

### A. Legal Standard

A party who timely files specific, written objections to a Magistrate Judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### B. Plaintiff's Objections

Plaintiff's objections are not specific but rather retell Plaintiff's version of events. He also relitigates claims against previously dismissed defendants and again argues that Judge Stetson should recuse herself, a claim the Court has already addressed [Dkts. 63, 71 at 3-4, 72, 94 at 2]. Nowhere in the objections does Plaintiff address Judge Stetson's legal analysis of Defendant Grantham's motion. Construed broadly, Plaintiff's main objection appears to be with the recommended dismissal of his apparent Fourth Amendment claim for an unconstitutional seizure. He claims that upon his return to Emergency Medical Center to retrieve his belongings, a staff member the police on a "Non-Emergency line" to "Induce Emergency Response" [Dkt. 127 at 4]. The motive of an Emergency Medical Center staff member does not, however, change the fact that

police were called on Mr. Gonzales twice in one night at the same location. After *de* novo review of the record, the court agrees with Judge Stetson that Defendant Grantham had probable cause to physically seize Mr. Gonzales. This objection is overruled.

      A. Defendant's Objections

Defendant objects to Judge Stetson's recommended denial of the motion as to Plaintiff's excessive force claim. Specifically, Defendant contends Judge Stetson[1] erred by (1) not parsing out what part of Plaintiff's body Defendant Grantham touched, (2) finding Plaintiff was cooperating with Defendant Grantham at the time of seizure, and (3) denying, for now, qualified immunity for Defendant Grantham.

The Court has conducted a *de novo* review of the record and will address the first two objections together. Based on the video evidence incorporated with the complaint and included with Defendant Grantham's objections, the Court notes that Plaintiff and Defendant Grantham were having a relatively polite conversation about why the officers wanted Plaintiff's ID moments before Plaintiff was pulled from the car. Likewise, less than two minutes passed between the officers approaching the vehicle and Mr. Gonzales' arrest, suggesting Plaintiff's relatively cooperative conversation with Defendant Grantham was potentially cut short. The Court also finds, based on the video footage that it is possible Defendant Grantham's role in the seizure could have contributed to Plaintiff's alleged injuries. After *de novo* review, the Court agrees with Judge Stetson's findings.

As for Defendant Grantham's assertion of qualified immunity, the Court agrees with Judge Stetson that this motion to dismiss does not sufficiently allow the court to analyze the issue.

---

[1] Throughout his objections, Defendant Grantham refers to Judge Stetson as "the Magistrate." There are no "magistrates" in federal court, but instead "magistrate judges" who are referred to as "Judge.". *See generally Bird v. Nat'l Aeronautics & Space Agency*, No. 4:20-CV-275, 2022 WL 90515, at *1 (S.D. Tex. Jan. 7, 2022).

Qualified immunity, however, must be addressed first and resolved before the Court may address the merits of the underlying claim. *Poole v. City of Shreveport*, 691 F.3d 624, 630 (5th Cir. 2012) (citing *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009)). Now that Plaintiff's operative claim against Defendant Grantham is clarified, the Court finds it appropriate for Defendant Grantham to raise the issue of qualified immunity in a dispositive motion tailored to the excessive force claim as did Defendant McDonald [Dkt. 104]. The Court, therefore, denies the instant motion as to Plaintiff's excessive force claim against Defendant Grantham.

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiff's and Defendant Grantham's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Defendant Grantham's objections [Dkt. 124] and Plaintiff's objections [Dkt. 127] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 121] is ADOPTED. Defendant Grantham's Motion to Dismiss [Dkt. 108] is DENIED as to Plaintiff's excessive force claim against him and GRANTED as to all other claims. Defendant Grantham may raise the issue of qualified immunity again in an appropriate motion.

IT IS SO ORDERED.

**SIGNED this 16th day of July, 2024.**

Michael J. Truncale
United States District Judge