IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| ANTHONY GRANTHAM, | § § § | |
| *Defendant.* | § § | |

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. On September 23, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 144] advising the Court to grant Defendant Anthony Grantham's Motion for Summary Judgment [Dkt. 135].

**I.   Plaintiff Edward Gonzales's Objections to the Report and Recommendation [Dkts. 144, 146]**

On October 8, 2024, Plaintiff timely filed objections [Dkt. 146] to the Report and Recommendation [Dkt. 144]. A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate

judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Plaintiff filed written objections in a timely manner, he failed to specifically allege where the magistrate judge erred in applying the law or material facts. He merely restates what Judge Stetson accurately deemed "an indecipherable few lines of text about alleged prosecutorial misconduct, the Sixth Amendment, and the Texas Constitution." [Dkts. 144 at 12–13, 146 at 1–8]. Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 144] to which Plaintiff has discernably objected. In filing 327-page objections, Plaintiff also vastly exceeds the limit set forth by the Local Rules requiring objections to a report and recommendation to be circumscribed to eight pages.[1] E.D. TEX. LOC. R. CV-72(C). The Court will thus only consider the first eight pages of Plaintiff's filing.

On July 30, 2024, Defendant Anthony Grantham, the sole remaining defendant in this case, filed a motion for summary judgment [Dkt. 135] as to Plaintiff Edward Gonzales's remaining Fourth Amendment claim of excessive force against him. [Dkt 144 at 2]. Judge Stetson found that Plaintiff did not carry his burden to overcome Defendant's assertion of qualified immunity. *Id.* at 10–13. First, Plaintiff did not allege that Defendant caused his injury and therefore did not demonstrate a constitutional violation. *Id.* at 10–12. Even presuming that a constitutional violation took place, Plaintiff also failed to address how his right against excessive force was clearly

---

[1] Although Plaintiff marks his additional pages as "exhibits," he did not submit them as separate PDF documents in accordance with Local Rule CV-5(a)(6).

established at the time under the facts of this case. *Id.* at 12–13. As an initial matter, Plaintiff's objections make no mention at all of the fact that he never claimed Defendant caused his alleged injury. *See* [Dkt. 146 at 1–8]. Since there is no genuine factual dispute on this issue, Judge Stetson's report could be adopted on this ground alone. *See* FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

As for the "clearly established" prong of qualified immunity, Plaintiff peremptorily asserts that a "right may be clearly established even if there is [n]o previously decided case with 'materially similar' facts, as the Supreme Court noted in the 2002 case of *Hope v. Pelzer* 536, U.S. 730 (2002)." *Id.* at 1 (alteration in original). There is no further discussion of this contention. *See id.* at 1–8. Plaintiff similarly concludes, in brusque fashion, that "facts alleged or shown by the affiant clearly demonstrate that the officer Grantham … is in violation of a clearly established Texas Constitutionality and U.S. Constitutionality protected rights and these rights were and are 'clearly established' at the time of the Officers misconduct." *Id.* at 2. Once more, this position is not rooted in any analysis of Plaintiff's Fourth Amendment right against excessive force and Defendant's claim to qualified immunity. *See id.* at 1–8. If anything can be said to have materialized, it is Plaintiff's immaterial argument on the constitutionality of his arrest. *See id.* As Judge Stetson reminded Plaintiff in her report, "the only remaining claim before the court in the instant motion is that of excessive force, not an unconstitutional seizure claim." [Dkt. 144 at 13]. Summary judgment is therefore appropriate in this regard as well. FED. R. CIV. P. 56(a). All told, the findings to which Plaintiff purportedly objects present no genuine dispute of material fact because he offers no argument at all or those of a conclusory nature. *Hugh Symons Grp., PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)).

The Court has conducted a *de novo* review of Plaintiff's objections consistent with the pleadings, briefing, and applicable law.  See FED. R. CIV. P. 72(b).  After careful consideration, Plaintiff's objections [Dkt. 146] are OVERRULED.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 144] is ADOPTED as to Defendant's Motion for Summary Judgment [Dkt. 135].

## II.  Conclusion and Order

For the foregoing reasons, Plaintiff Edward Gonzales's objections [Dkt. 146] are **OVERRULED**.  Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 144] is **ADOPTED** in full.  Defendant Anthony Grantham's Motion for Summary Judgment [Dkt. 135] is **GRANTED**.

**SIGNED this 28th day of October, 2024.**

Michael J. Truncale
United States District Judge